IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

ATLANTIC WINDOW CLEANING, INC.

    Plaintiff,

v.                                   Case No.:  22-60409-CIV-SMITH

RACHEL EULER, et al.

    Defendants.

_____

## JOINT SCHEDULING REPORT

Pursuant to this Court's Order (dkt. 7), the Court's Local Rule 16.1, and Rule 16 of the Federal Rules of Civil Procedure, the Parties jointly submit this Scheduling Report.

## SCHEDULING REPORT

1) On **March 10, 2022,** a telephonic meet and confer took place between counsel for all parties to this action, to wit: **Douglas Cherry, Esq. and Adria Jensen, Esq.** for Plaintiff Atlantic Window Cleaning, Inc. and **Jesse Unruh, Esq. and Alyssa Castelli, Esq.** for Defendants Rachel Euler et. al.

2) As directed by this Court's Order (dkt. 7), the Parties discussed the following matters covered by Local Rule 16.1(b)(2):

    **A**.    **the likelihood of settlement:**

        The Parties believe at this point that the likelihood of settlement is low.

    **B.**    **the likelihood of appearance in the action of additional parties:**

        The Parties may seek to add additional parties as warranted by the pleadings and factual developments in discovery, and as permitted by the applicable law, civil rules, this Court's local rules, and the scheduling orders of this Court.

C. **proposed limits on the time: (i) to join other parties and to amend the pleadings; (ii) to file and hear motions; and (iii) to complete discovery:**

These deadlines are addressed in the Proposed Scheduling Order.

D. **proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The Parties anticipate that each will file one motion for summary judgment, on or before the deadline proposed in the Scheduling Order and established by the Court.

E. **the necessity or desirability of amendments to the pleadings:**

The Parties may amend pleadings once on or before the deadlines proposed in the Scheduling Order and established by the Court. Any additional amendments shall be for good cause, upon leave of Court, if and as permitted under the applicable law.

F. **the possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The Parties hereby consent to electronic service of discovery requests and responses, and other materials, which are not required to be filed with the Court.

The Parties do not have any additional specific proposals at this time, but are prepared to work in good faith to decrease the burdens on the Parties and the Court in preparing for trial and presenting the case.

G. **suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties do not have any specific proposals at this time, but are prepared to work in good faith and where possible stipulate to facts and/or authenticity of documents in order to minimize the burdens on the Parties and the Court and use the time needed for trial most efficiently.

**H.** **suggestions on the advisability of referring matters to a Magistrate Judge or master:**

The Parties unanimously agree that this case should not be referred to a Magistrate Judge or master. The Parties believe the case should remain under the direct supervision of the Court. However, the Parties have agreed to submit discovery issues to the Magistrate Judge.

**I.** **a preliminary estimate of the time required for trial:**

At this time, Parties believe that trial will likely require 8-10 days, 5-7 for Plaintiff and 3-5 for Defendants.

**J.** **requested date or dates for conferences before trial, a final pretrial conference, and trial:**

The Parties propose the dates shown in the Scheduling Order.

**K.** **any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website ([www.flsd.uscourts.gov](www.flsd.uscourts.gov)), matters enumerated on the ESI Checklist:**

The parties have discussed issues related to disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced and inform the Court of the following agreements or issues:

(a) **General Document Image Format**. To the extent practical, paper-based documents shall be produced in PDF format and shall be produced to the requesting party on a DVD or CD-Rom. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

(b) **Text-Searchable Documents.** No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the Producing Party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

3

(c) **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

(d) **Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

If any party has a specific need for metadata or the production of ESI in any other format, the parties will work together in good faith to resolve those needs without unduly burdening each other or the Court. The Parties are aware of their obligations to preserve evidence, including ESI, and have taken reasonable necessary steps. The Parties are aware of, and will comply with, the requirements of Local Rule 26.1(e)(2)(B)-(C) with respect to any claim of privilege.

**L.**     **any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

None at this time.

| | |
|---|---|
| /S/ MINDI M. RICHTER<br>SHUMAKER, LOOP & KENDRICK, LLP<br>**Mindi Richter, Esq.**<br>Florida Bar No.: 044827<br>101 East Kennedy Boulevard, Suite 2800<br>Tampa Florida 33602<br>Telephone No.:(813)229-7600<br>Facsimile No.: (813) 229-1660<br>E-Mail (Primary): mrichter@shumaker.com<br>E-Mail (Secondary): ldyer@shumaker.com<br><br>**Adria Jensen, Esq**.<br>Florida Bar No.: 011690<br>240 South Pineapple Ave., 10th Floor<br>P.O. Box 49948<br>Sarasota, FL, 34236<br>E-Mail(Primary): ajensen@shumaker.com<br>E-Mail(Secondary): karase@shumaker.com<br>E-Mail(Secondary):<br>aschaffer@shumaker.com<br><br>Attorneys for Plaintiff | /S/ JESSE I. UNRUH<br>SPIRE LAW, LLC<br>**Jesse I. Unruh, Esq.**<br>Florida Bar No.: 93121<br>2572 W. State Road 426, Ste. 2088<br>Oviedo, FL 32765<br>E-Mail (primary): jesse@spirelawfirm.com<br>E-Mail(secondary): sarah@spirelawfirm.com<br>E-Mail(secondary):<br>laura@spirelawform.com<br><br>Attorney for Defendants |