UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ATLANTIC WINDOW CLEANING, INC.

        Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No.: 22-60409-CIV-SMITH/VALLE

RACHEL EULER, et al.

        Defendant.

_____

## **STIPULATED CONFIDENTIALITY ORDER**

This Cause is before the Court upon the parties' Joint Motion for Confidentiality Order (ECF No. 20). Upon due consideration, and the Court having found good cause for the entry of the Stipulated Confidentiality Order, the Joint Motion is **GRANTED.**

It is hereby **ORDERED** that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

WHEREAS, the parties have served and received discovery requests requiring the disclosure of information regarded as proprietary and confidential; and, it is anticipated that the parties shall be producing documents during the discovery phase of this litigation, some of which will be regarded as proprietary and confidential by the producing party; and

WHEREAS, it is anticipated that pleadings, discovery papers, deposition and trial testimony in this matter may include reference to documents or information regarded as confidential and proprietary by the producing party or otherwise refer to confidential and proprietary information; and

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for entry of a confidentiality order such as is contained here:

IT IS AGREED by and among the parties as follows:

## **TERMS OF CONFIDENTIALITY ORDER**

**1.**　　**Proceedings and Information Governed.**

This Confidentiality Order and any amendments or modifications hereto (the "Confidentiality Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorneys' Eyes Only Information" in accordance with the terms of this Confidentiality Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

2. **Designations of Protected Information.**

For purposes of this Confidentiality Order, the following designations apply to protect the confidentiality of information:

a. **Confidential Information.** The "Confidential Information" designation shall mean that the document is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(G), or other information required by law or agreement to be kept confidential.

b. **Confidential Attorneys' Eyes Only.** The "Confidential Attorneys' Eyes Only" designation shall mean that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical or marketing information, or any other sensitive trade secret information.

c. **Exclusion of Certain Information.** Information or materials designated as Confidential Information and Confidential Attorneys' Eyes Only does not include, and this Confidentiality Order shall not apply to, information described under Paragraph 5 hereof.

d. **Labeling Documents.** Documents and things produced during the course of this litigation within the scope of Paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows: **CONFIDENTIAL INFORMATION**

Documents and things produced during the course of this litigation within the scope of Paragraph 2(b) above may be designated by the producing party as containing Confidential Attorneys' Eyes Only by placing on each page and each thing a legend substantially as follows: **CONFIDENTIAL ATTORNEYS EYES' ONLY**

3. **Acceptance of Information; Inadvertent Failure to Designate.**

Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection. Inadvertent disclosure of information without confidentiality designation which the disclosing party intended to designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error.

The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**4.     Challenge to Confidentiality Designations.**

If the parties or their attorneys disagree as to whether certain information should be protected, they are obligated to negotiate in good faith regarding the designation by the disclosing party.

Any receiving party disagreeing with a confidentiality designation may request in writing that the producing party change the designation. The producing party shall then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day timeframe, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this Paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Confidentiality Order.

The party designating information as protected will, when its designation is timely challenged, bear the ultimate burden of proving that the information should be protected.

**5.     Information Not to Be Designated as Protected.**

Information may not be designated as subject to any form of protection if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this document; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (c) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the approval of the designating party.

**6.     Disclosure and Use of Confidential Information and Confidential Attorneys' Eyes Only Information.**

a.  Information and materials designated as Confidential Information or Confidential Attorneys' Eyes Only may only be used for purposes of preparation, trial and appeal of this action. Information and materials designated as Confidential Information or Confidential Attorneys' Eyes Only may not be used under any circumstances for applying for any state or federal trademark registration, domain name registration, for any party's business, or for any other purpose whatsoever.

b.  Subject to Paragraph 6(e) below, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Confidentiality Order: (a) employees of the receiving party who are required in

good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) outside counsel for the receiving party; (d) supporting personnel employed by the receiving party, such as paralegals, legal secretaries, data entry clerks, legal clerks and private photocopying services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

c.   Subject to Paragraph 6(e) below, Confidential Attorneys' Eyes Only information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Confidentiality Order: outside counsel for the receiving party and supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services.

d.   Confidential Information or Confidential Attorneys' Eyes Only may be disclosed to a person, not already allowed access to such information under this Confidentiality Order, if: counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this Paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Confidentiality Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this Paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

e.   Judges, attorneys, and other employees of the Court are bound to honor the parties' designations of information as protected but are not required to sign forms acknowledging the terms and existence of this Confidentiality Order.

**7.      Disclosure to Non-Party.**

Non-party witnesses include any individuals to be deposed during discovery or testifying at trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness. Prior to disclosure of protected information by any party or its attorney to any individual not already provided access to such information by the terms of this Confidentiality Order, the individual shall be informed of the existence of this Confidentiality Order and provided with a copy to read. The individual will then be required to certify in writing that this Confidentiality Order has been read and understood and that the terms shall be binding on the individual. No individual shall receive any protected information until the party or attorney proposing to disclose the information has received the signed certification from the individual. A form for such certification is attached to this Confidentiality Order as Exhibit A. The party or attorney receiving the completed form shall retain the original and provide a copy to opposing counsel.

**8.      Disclosure to Independent Experts or Consultants.**

Independent experts or consultants include individuals retained by a party for purposes related to prosecution or defense of this proceeding but who are not otherwise employees of either the party or its attorneys.

Prior to disclosing Confidential Information or Confidential Attorneys' Eyes Only Information to a party's proposed expert, consultant or their employees, the party shall provide this Confidentiality Order, obtain the certification attached to this Confidentiality Order as Exhibit A, and the resume or curriculum vitae of the proposed expert or consultant to opposing counsel.

The receiving party shall have seven (7) business days to object to disclosure to the expert or independent consultant. If objection is made, then the parties must negotiate the issue before raising the issue before the Court. If the parties are unable to settle their dispute, then it shall be the obligation of the party or attorney proposing disclosure to bring the matter before the Court with an explanation of the need for disclosure and a report on the efforts the parties have made to settle their dispute. The party objecting to disclosure will be expected to respond with its arguments against disclosure or its objections will be deemed waived.

9. **Responses to Written Discovery.**

Responses to interrogatories under Federal Rule 33 and requests for admissions under Federal Rule 36 which the responding party reasonably believes to contain protected information shall be prominently stamped or marked with the appropriate designation from Paragraph 2. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error. The parties should inform the Court only if necessary because of the filing of protected information not in accordance with the provisions of Paragraph 15. Nothing in this Order prohibits the parties from producing redacted documents that are otherwise responsive to discovery.

10. **Production of Documents.**

If a party responds to requests for production under Federal Rule 34 by making copies and forwarding the copies to the inquiring party, then the copies shall be prominently stamped or marked, as necessary, with the appropriate designation from Paragraph 2. If the responding party makes documents available for inspection and copying by the inquiring party, all documents shall be considered protected as Attorneys' Eyes Only designated during the course of inspection. After the inquiring party informs the responding party what documents are to be copied, the responding party will be responsible for prominently stamping or marking the copies with the appropriate designation from Paragraph 1. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error. The parties should inform the Court only if necessary because of the filing of protected information not in accordance with the provisions of Paragraph 15. Nothing in this Order prohibits the parties from producing redacted documents that are otherwise responsive to discovery.

11. **Depositions.**

Protected documents produced during a discovery deposition, or offered into evidence during a testimony deposition shall be orally noted as such by the producing or offering party at the

outset of any discussion of the document or information contained in the document. In addition, the documents must be prominently stamped or marked with the appropriate designation.

The transcript of any deposition and all exhibits or attachments shall be considered protected Attorneys' Eyes Only designated for 20 days following the date of service of the transcript by the party that took the deposition. During that 20-day period, either party may designate the portions of the transcript, and any specific exhibits or attachments, that are to be treated as protected, by electing the appropriate designation from Paragraph 2. Appropriate stampings or markings should be made during this time. If no such designations are made, then the entire transcript and exhibits will be considered unprotected.

12. **Use of Information at Trial.**

When a party or its attorney introduces protected testimony or documents in connection with trial, the party or attorney is bound to honor designations made by the adverse party or attorney, or non-party witness, who disclosed the information, so as to maintain the protected status of the information for all purposes during the course of this lawsuit.

13. **Briefs.**

When filing briefs, memoranda, or declarations in support of a motion, or in connection with trial, the portions of these filings that discuss protected information, whether information of the filing party, or any adverse party, or any non-party witness, should be redacted. The rule of reasonableness for redaction is discussed in Paragraph 15 of this Confidentiality Order.

14. **Handling of Protected Information.**

Disclosure of information protected under the terms of this Confidentiality Order is intended only to facilitate the prosecution or defense of this case. The recipient of any protected information disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in handling, storing, using or disseminating the information.

All materials designated Confidential Information or Confidential Attorneys' Eyes Only of a party shall remain the exclusive property of such party and no right, title or interest in or to any of the Confidential Information or any material developed therefrom is transferred to the recipient party hereby or by its delivery to the recipient party hereunder.

15. **Redaction; Filing Material With the Court.**

Nothing herein shall supersede or otherwise alter the requirements of Local Rule 5.4 and Federal Rule of Civil Procedure 26(c)(H).

When a party or attorney must file protected information with the Court, or a brief that discusses such information, the protected information or portion of the brief discussing the same

should be redacted from the remainder. A rule of reasonableness should dictate how redaction is effectuated.

Redaction can entail merely covering a portion of a page of material when it is copied in anticipation of filing but can also entail the more extreme measure of simply filing the entire page under seal as one that contains primarily confidential material. If only a sentence or short paragraph of a page of material is confidential, covering that material when the page is copied would be appropriate. In contrast, if most of the material on the page is confidential, then filing the entire page under seal would be more reasonable, even if some small quantity of non-confidential material is then withheld from the public record. Likewise, when a multi-page document is in issue, reasonableness would dictate that redaction of the portions or pages containing confidential material be effected when only some small number of pages contain such material. In contrast, if almost every page of the document contains some confidential material, it may be more reasonable to simply submit the entire document under seal. Occasions when a whole document or brief must be submitted under seal should be very rare.

Protected information, and pleadings, briefs or memoranda that reproduce, discuss or paraphrase such information, shall be filed with the Court under seal. The envelopes or containers shall be prominently stamped or marked with a legend in substantially the following form:

**CONFIDENTIAL**

This envelope contains documents or information that are subject to a confidentiality order or agreement. The confidentiality of the material is to be maintained and the envelope is not to be opened, or the contents revealed to any individual, except by order of the Court.

**16.    Handling of Materials After Termination.**

Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Confidentiality Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorneys' Eyes Only Information, and to certify to the producing party such destruction or return.

**17.    Remedies.**

It is ordered by the Court that this Confidentiality Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Confidentiality Order in contempt. All other remedies available to any person(s) injured by a violation of this Confidentiality Order are fully reserved.

Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Confidentiality Order.

**18.    Other Rights of the Parties and Attorneys.**

This Confidentiality Order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial. Nor shall this Confidentiality Order preclude the filing of any motion with the Court for relief from a particular provision of this Confidentiality Order or for additional protections not provided by this Confidentiality Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on September 19, 2022.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All Counsel of record

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ATLANTIC WINDOW CLEANING, INC.

        Plaintiff,

v.                                                                                         Case No.:  22-60409-CIV-SMITH/VALLE

RACHEL EULER, et al.

        Defendant.
_____

I, _____, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. My address is _____.
2. My present employer is _____.
3. My present occupation or job description is _____.
4. I have received a copy of the Confidentiality Order in this case.
5. I have carefully read and understand the provisions of the Confidentiality Order.
6. I will comply with all of the provisions of the Confidentiality Order.
7. I will hold in confidence, and not disclose to anyone not qualified under the Order, any Confidential Information, Confidential Attorneys' Eyes Only information, or information derived therefrom, including words, substance summaries, abstracts or indices of such disclosed to me.
8. I shall return all materials containing Confidential Information, Confidential Attorneys' Eyes Only information, and summaries, abstracts, and indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed, retained, or otherwise associated, pursuant to the Confidentiality Order.
9. This Declaration was executed in the United States.
10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Confidentiality Order in this case.

      *    *    *

FURTHER DECLARANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                          _____
                                                                           Signature