# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**ATLANTIC WINDOW CLEANING, INC.**

      **Plaintiff,**

**v.**                        **CASE NO. 22-60409-CIV-SMITH**

**RACHEL EULER, et al.**

      **Defendants.**

_____/

## PLAINTIFF, ATLANTIC WINDOW CLEANING, INC.'S, MOTION TO COMPEL DEFENDANT, RACHEL EULER'S, RESPONSES TO DISCOVERY

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff, ATLANTIC WINDOW CLEANING, INC. ("Plaintiff" or "AWC"), by and through its undersigned counsel, files this Motion to Compel Defendant, RACHEL EULER'S ("Defendant"), Responses to Discovery (the "Motion"). In support of its Motion, Plaintiff states as follows:

1.      On or about April 12, 2022, Plaintiff served its *First Request for Production* on Defendant ("Discovery Requests"). A true and correct copy is attached hereto as **Exhibit A.**

2.      Defendant was required to provide responses to the Discovery Requests on or before May 12, 2022.

3.      Defendant requested an extension, to which Plaintiff agreed; thereafter Defendant served deficient and incomplete responses to the Discovery Requests on or about June 6, 2022. A true and correct copy is attached hereto as **Exhibit B.**

4.      Consequently, on or about August 10, 2022, Plaintiff served Defendant's counsel with a good faith letter requesting, among other things, that Defendant provide responses and documents responsive to the outstanding Discovery Requests. A true and correct copy of the August 10th good faith letter is attached hereto as **Exhibit C.**

5.     Defendant served Plaintiff with Supplemental Responses and Objections to *Plaintiff's First Requests for Production* ("Supplemental Responses") on August 11, 2022. A true and correct copy of the Supplemental Responses is attached hereto as **Exhibit D**. The Supplemental Responses, however, only addressed two of the requests in the Discovery Request.

6.     Defendant responded to the Good Faith correspondence and served Plaintiff with *Amended and Supplemental Responses and Objections to Plaintiff's First Requests for Production*, in, on or about August 26, 2022.

7.     It was anticipated that certain documents would not be produced until the submission of a proposed Confidentiality Order ("Order") to this Court.  However, upon said submission of that Order (September 13, 2022 DN20), Defendant had an obligation to produce documents previously withheld due to their confidential nature.

8.     Defendant did not reconcile her deficient responses or produce the confidential documents previously withheld, despite the Court's entry of the Order.

9.     After multiple email communications regarding this matter, on October 7, 2022, Plaintiff again served Defendant's counsel with a good faith letter detailing the deficiencies as well as Plaintiff's entitlement to the requested documents, in an effort to resolve deficient responses. A true and correct copy of the second good faith letter is attached hereto as **Exhibit E.** Plaintiff demanded that the amended and supplemental responses and documents be produced on or before October 14, 2022.

10.    Respective Counsel for Plaintiff and Defendant have had numerous email communications regarding various aspects of the outstanding discovery since.

11.    On October 18, 2022, having disregarded the October 14th deadline, Defendant through counsel advised Plaintiff that a "response" would not be forthcoming until October 24, 2022, a date selected unilaterally by Defendants' counsel without any discussion on the matter.

12.     Plaintiff's multiple requests for assurances that responsive documents would in fact be furnished on October 24, 2022, along with the "response," have been obfuscated.

13.     To date, Defendant has not provided the requested documents or sufficient supplemental responses to the Discovery Requests or assurances that same will be produced.

14.     Plaintiff's counsel has attempted to confer with Defendant's counsel via telephone to no avail. Plaintiff has not received a call-back from Defendants' Counsel and suggestions that counsel conduct a phone conference for this purpose, have been ignored.

15.     The outstanding and deficient responses are as follows:

(a) **RFP #5:** Documents sufficient to show all past and current employees of each Defendant entity.

Defendant objected on the grounds the phrase "sufficient to show" is vague and requires speculation.  However, the Defendant's objection is an improper boilerplate objection. *See Harris v. Cellco Partnership*, 2021 WL 8155699, *2, (slip copy) (S.D. Fla. 2021); Fed. R. Civ. P. 33(b)(4). Moreover, Plaintiff has on numerous occasions, per good faith discussions, clarified this language. Defendant has, to date, not produced documents showing past and current employees of each Defendant entity, in accordance with Plaintiff's Request. Which if any of Defendant's employees may have previously been with Plaintiff is highly relevant given Plaintiff's claims that Defendant breached her duty of loyalty and stole confidential information to set up a competing business and in fact has usurped Plaintiff's business in its entirety.

(b) **RFP #7:** Documents sufficient to show each Defendant entity's monthly revenues from formation to the current month.

Defendant objected on the grounds that these documents are not within the Defendant's individual possession, custody, and control. In Plaintiff's Good Faith Letter, dated August 10, 2022, Plaintiff explained that such an objection is not appropriate as Defendant Euler formed each Defendant Entity and is the "sole member or CEO" of each entity; as such, these documents are within her control.   However, these documents have yet to be produced.   This information is needed for proper evaluation of Plaintiff's damages claim.

(c) **RFP #8:** Documents sufficient to show each Defendant entity's monthly profits and losses from formation to the current month.

Defendant has produced only one document in response to this request, which is relevant as to only one of the entities.  Further, the document produced does not reflect _**monthly**_ profits and losses.  In the Second Good Faith Letter, Plaintiff explained specifically how the response was insufficient and further clarified the request in detail.  This information is needed for Plaintiff's damages claim.

**(d) RFP #27:** Documents sufficient to describe the consumers of products or services offered under the Mark.

In the original response Defendant agreed that subject to a Confidentiality Agreement she would produce all responsive documents.  Said document have not been produced, despite the Confidentiality Agreement.  Defendant's supplemental production of a list of _zip codes_ is a wholly insufficient response to this Request.  However, Defendant asserts that said production satisfied the request and has made no efforts to supplement further.  This information is relevant given Plaintiff's claims that Defendant stole confidential information from its business, including customer lists and information.  This information directly relates to Plaintiff's trademark infringement in that the parties are competitors targeting similar or the same consumers and as alleged these consumers are being confused by Defendants' use of the Marks.

**(e) RFP #28:** Customer lists of each Defendant entity.

Defendant objected on the grounds that these documents are not within the Defendant's individual possession, custody, and control.  In Plaintiff's Good Faith Letter, dated August 10, 2022, Plaintiff set forth such an objection is not appropriate as Defendant Euler formed each Defendant Entity and is the "sole member or CEO" of each entity. These documents have yet to be produced. This information is relevant given Plaintiff's claims that Defendant stole confidential information from its business, including customer lists and information.

**(f) RFP #30:** All documents sufficient to show who developed any website owned by any Defendant that uses the Mark.

Defendant stated that GoDaddy account information would be produced, but did not do so. In its Good Faith Letter, dated August 10, 2022, Plaintiff explained that such a production alone would be unresponsive to its request for information showing _**who**_ created the website content.  This information is relevant given that the website is a prime example of Defendant's infringement.

**(g) RFP #31:** Any lease agreement related to the property located at 2075 N. Powerline Rd., Suite 4, Pompano Beach, Florida 33069.

Defendant agreed to produce the requested document, but, to date, has failed to provide any lease agreement to the above referenced property.  This information is relevant in terms of who entered into the lease and when it was entered into, as

it was likely when Defendant was still employed by Plaintiff at the time of execution of the lease.

16.     Additionally, Defendant has designated certain productions as "Attorneys' Eyes Only". It is imperative that the parties disclose all relevant information and have a reasonable opportunity to review information critical to the issues in the case.  Especially if they are to engage in good faith settlement negotiations.  As such, the designation of financial and other business information sought as "Attorney's Eyes Only" is improper and unnecessary.

17.     As of the date of this filing, Plaintiff has failed to provide responsive documents responsive to the outstanding Discovery Requests.  It is acknowledged that Defendant's counsel communicated with undersigned regarding the Second Good Faith.  However, Plaintiff has merely stated that she will be responding appropriately on October 24, 2022, and will not confirm or even discuss current status or production of documents.

18.     Despite numerous attempts at good faith conferrals, Defendant has failed to adequately respond to Plaintiff's First Request for Production, dated April 12, 2022, nearly five (5) months past due.

19.     Because Defendant has failed to provide responsive documents to Plaintiff's First Request for Production, this Court should grant Plaintiff's motion and compel Defendant to provide responsive discovery and produce the outstanding documents.

20.     Plaintiff also requests an award of the fees and costs incurred in connection with bringing this Motion.

## MEMORANDUM OF LAW

Plaintiff is entitled to proper production and discovery responses pursuant to Fed. R. Civ. P. 37. Defendant, however, asserts boilerplate objections, such that various Requests are "vague," "speculative," and "overbroad." Boilerplate or "general" objections, are improper. *See*

*Harris v. Cellco Partnership*, 2021 WL 8155699, *2, (slip copy) (S.D. Fla. 2021); Fed. R. Civ. P. 33(b)(4). Not only are Plaintiff's requests narrowly tailored, but the phrase "sufficient to show," to which Defendant has objected, has been expressly defined to Defendant throughout numerous attempted good faith conferrals. Plaintiff's painstaking delineation, however, has been fruitless in the pursuit of responsive documents.

Furthermore, Defendant has set forth that the documents Plaintiff seeks are outside of her individual purview. Such an objection, however, is meritless and improper. Defendant, as an individual, is the "sole member and "CEO" of each Defendant entity. Thus, as a member and authorized representative for each entity, all responsive documents are well within her possession, custody and/or control and she is required to produce same. *See E.S. LLC v. Zurich American Insurance Company*, 2022 WL 2666602, *5 (slip copy) (S.D. Fla. 2022) (describing a corporate designee's obligation to answer for the company regardless of information personally known to him, but which is readily available to the organization).

## CERTIFICATE OF GOOD FAITH

Pursuant to S.D. Fla. L. R. 7.1(a)(3), counsel for Atlantic Window Cleaning, Inc. ("AWC"), conferred with counsel for Defendant, via multiple good faith letters, emails, and telephone, in an effort to resolve this issues raised in this Motion. The parties were unable to reach an agreement regarding the discovery requests outlined in this Motion.

WHEREFORE, AWC respectfully requests that this Court enter an Order (1) compelling Defendant to produce responsive documents to Plaintiff's First Request for Production of Documents, within five (5) days, (2) awarding AWC its reasonable attorneys' fees and costs incurred in connection within this Motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(5), and (3) granting such further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on this 21st

day of October, 2022, via the E-Portal which will electronically serve a copy to:

## SERVICE LIST

| | |
|---|---|
| **Jamie L. White, Esq.**<br>**Alyssa Castelli, Esq.**<br>SPIRE LAW, LLC<br>2572 W. State Road 426, Suite 2088<br>Oviedo, FL   32765<br>jamie@spirelawfirm.com<br>alyssa@spirelawfirm.com<br>marcela@spirelawfirm.com<br>filings@spirelawfirm.com | |

SHUMAKER, LOOP & KENDRICK, LLP

By.:  s/ *Adria M. Jensen*
Adria M. Jensen, Esq.
Florida Bar No. 110690
240 South Pineapple Avenue
Post Office Box 49948
Sarasota, Florida 34230-6948
Telephone No.: (941) 366-6660
Facsimile No.: (941) 366-3999
ajensen@shumaker.com (primary)
rpeters@shumaker.com (primary)
hbohen@shumaker.com (secondary)
aschaffer@shumaker.com (secondary)
*Attorneys for Plaintiff*

Mindi M. Richter
Florida Bar No. 044827
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.:  (813) 229-1660
mrichter@shumaker.com (primary)
ldyer@shumaker.com (secondary)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**ATLANTIC WINDOW CLEANING, INC.**

      **Plaintiff,**

**v.**                    **CASE NO. 22-60409-CIV-SMITH**

**RACHEL EULER, et al.**

      **Defendants.**

_____/

## PLAINITFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT RACHEL EULER

Plaintiff Atlantic Window Cleaning, Inc., by and through its undersigned attorneys and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendant, Rachel Euler, produce and permit Plaintiff's counsel to inspect and copy the following documents and things at the offices of Shumaker, Loop & Kendrick, LLP, 240 S. Pineapple Ave., 10th Floor, Tampa, Florida 34236, within thirty (30) days after service of this request.  This request is continuing and the responses hereto must be supplemented to the extent required by Rule 26 of the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following definitions and instructions apply:

A.     "Sabrina's Atlantic" means the plaintiff in this action, Atlantic Window Cleaning, Inc.

B.     "Euler" means the defendant in this action, Rachel Euler.

C.     "The Mark" refers to Defendants' use of SABRINA'S ATLANTIC WINDOW CLEANING AND PRESSURE CLEANING, or any variation of this name, as alleged in the Complaint.

D.      "Documents" shall have the same meaning and scope as in Rule 34(a) of the Federal Rules of Civil Procedure.

E.      Wherever used herein, the singular shall be deemed to include the plural, the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

F.      A document "relating," "related," or "which relates" to any given subject includes any document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

G.      To the extent any of the Documents are in electronic or computer-generated or computer-stored format ("ESI"), unless specified otherwise in a specific request, please produce such documents in native format with metadata preserved on a CD-Rom, flash drive, zip drive or other recordable media, unless such format is unreadable with Adobe, Microsoft Office, or other commercially available software that is retailed at less than $500.  If unreadable with such software, please consult Plaintiff's counsel regarding format of production.

H.      If making a copy of such Documents for production may alter the original document, please consult with Plaintiff's counsel. It is critical that Documents be preserved in their original form.

I.      If a claim of privilege is asserted concerning any document or thing for which production is requested, please:

1.     Identify the document with sufficient particularity to enable Sabrina's Atlantic and the Court to assess the applicability and extent of any privilege or protection.  This identification should include the document's title, date, author, recipient(s) (including all recipients of copies), length, and subject matter;

2.     Expressly state the nature of the privilege asserted; and

3.     State in detail the basis for the claim of privilege.

J.     To the extent that you consider any of the following requests for production of documents objectionable, produce documents responsive to that part of the request to which you do not object, and separately describe that part of each request to which you object and each ground for objection.

## REQUESTS FOR PRODUCTION

1.     Documents sufficient to show the corporate structure and organization of each Defendant entity, including, but not limited to, their ownership, officers, and parent, subsidiaries or affiliated entities, including copies of the Company meeting book.

2.     Documents sufficient to show the relationship between Euler and each Defendant entity.

3.     Any documents related to the formation of each Defendant entity.

4.     Any documents evidencing that Sabrina Crain Sweeney, gifted, transferred, bequeathed, sold or assigned the Marks to Rachel Euler or any of the Defendant entities.

5.     Documents sufficient to show all past and current employees of each Defendant entity.

6.     Any documents related to any customer complaints or negative feedback of any of the Defendant entities.

7.     Documents sufficient to show each Defendant entity's monthly revenues from formation to the current month.

8.      Documents sufficient to show each Defendant entity's monthly profits and losses from formation to the current month.

9.      Any documents used or referred to in Euler's answers to the First Set of Interrogatories.

10.     Any documents referenced in Euler's Initial Disclosures.

11.     Documents sufficient to show Euler and/or any Defendant entity's past, current, and planned use of the Mark and any other trademark, service mark, trade name, or domain name comprised in whole or in part of "Sabrina's" for any product or service.

12.     Documents sufficient to show Euler and/or any Defendant entity's first use of the Mark.

13.     Documents sufficient to show the geographic scope of Euler and/or any Defendant entity's use of the Mark.

14.     Documents sufficient to show Euler and/or any Defendant entities' first use of any logo design containing a witch or witch hat.

15.     Documents sufficient to show all variations of any logo design containing a witch or witch hat used by Euler and/or any Defendant entity.

16.     Documents sufficient to show who developed any logo design containing a witch or witch hat used by Euler and/or any Defendant entity.

17.     Any documents comprising, evidencing or relating to any instances of actual confusion or potential confusion between the Mark and any of Sabrina's Atlantic's Marks as identified and defined in the Complaint.

18.     Documents sufficient to identify each product and/or service with which the Mark has been used.

19.     Documents sufficient to identify each channel of trade within which Euler and/or any Defendant entity has sold or advertised products or services under the Mark.

20.     Exemplars of each of Euler and/or any Defendant entity's advertising or marketing materials for products and/or services offered under the Mark and copies of invoices from third parties for advertisements/marketing materials for the Defendant entities since the inception of the entities through current date.

21.     Documents sufficient to show the time periods during which each of the advertising or marketing materials produced in response to Request No. 19 were used or distributed by Euler and/or any Defendant entity.

22.     Documents comprising, referring, or relating to any market studies, focus groups, or surveys Euler and/or any Defendant entity has conducted or had conducted on their behalf that refer or relate to the Mark.

23.     Any agreements between Euler and/or any Defendant entity and a third party related to use of the Mark.

24.     Documents reflecting the content of each website, webpage, or other digital material displaying use of the Mark.

25.     Documents sufficient to show the pricing of each product or service offered under the Mark.

26.     All documents comprising, evidencing, or relating to any attempts by Euler and/or any Defendant entity to register the Mark and/or any design containing a witch or witch hat federally or within any state.

27.     Documents sufficient to describe the consumers of products or services offered under the Mark.

28.     Customer lists of each Defendant entity.

29.     All documents relating to or belonging to Sabrina's Atlantic.

30.     All documents sufficient to show who developed any website owned by any Defendant that uses the Mark.

31.     Any lease agreement related to the property located at 2075 N. Powerline Rd., Suite 4, Pompano Beach, Florida 33069.

32.     Any documents evidencing Sabrina Crain Sweeney's involvement in any of the Defendant entities.

33.     Any documents evidencing a transfer of ownership or other grant of rights in a trademark or any other asset from Sabrina Crain Sweeney and/or Sabrina's Atlantic to Euler or any Defendant entity.

34.     Any documents evidencing any kind of permission from Sabrina Crain Sweeney and/or Sabrina's Atlantic to Euler or any Defendant entity to use the Mark or any design containing a witch or witch hat.

35.    Any documents evidencing any kind of permission from Sabrina Crain Sweeney and/or Sabrina's Atlantic to Euler or any Defendant entity to use Sabrina Crain Sweeney's name, image or likeness.

36.    Any bank records referencing any checks written by Euler to Brian Euler from Sabrina's Atlantic's checking account.

37.    Any communications with customers of any Defendant entity referencing Sabrina Crain Sweeney and/or Sabrina's Atlantic.

38.    Documents sufficient to show the owner of the domain name sabrinasatlantic.com.

39.    Any documents evidencing or demonstrating any use of the Mark or any design containing a witch or witch hat by Euler or any Defendant entity prior to January 1999.

40.    Any documents evidencing or demonstrating any abandonment by Sabrina's Atlantic of Sabrina's Atlantic's Marks as identified and defined in the Complaint.

41.    Any documented business procedures and practices of any of the Defendant entities.

42.    Any documented prospective business strategies of any of the Defendant entities.

43.    Any documented operating procedures of any of the Defendant entities.

44.    Any documented employee training materials of any of the Defendant entities.

45.    Any documents referencing or relating to market studies or consumer demographics for any of the Defendant entities.

SHUMAKER, LOOP & KENDRICK, LLP

/s/ Mindi M. Richter
Mindi M. Richter
Florida Bar No. 044827
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.:  (813) 229-1660
mrichter@shumaker.com (primary)
ldyer@shumaker.com (secondary)

Adria M. Jensen, Esq.
Florida Bar No. 110690
240 South Pineapple Avenue
Post Office Box 49948
Sarasota, Florida 34230-6948
Telephone No.: (941) 366-6660
Facsimile No.: (941) 366-3999
ajensen@shumaker.com (primary)
karase@shumaker.com (secondary)
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2022, I served the foregoing requests

to counsel of record by email.

/s/ Mindi M. Richter
Attorney

EXHIBIT "B"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**ATLANTIC WINDOW CLEANING, INC**.

                    Plaintiff,

v.

 **RACHEL EULER** , et al.

                  Defendants.

_____/

**CASE NO.:**   22-60409-CIV-SMITH

## DEFENDANT, RACHEL EULER'S RESPONSES
## AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

PLEASE TAKE NOTICE that Defendant, Rachel Euler ("Defendant"), in accordance with Federal Rule of Civil Procedure 33, hereby answers the Plaintiff's First Requests for Production ("RFPs") to Defendant Rachel Euler, subject to the objections stated below.

Dated this 6th day of June 2022.

Respectfully submitted,

Spire Law, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By:  */s/Jesse I. Unruh*
      Jesse I. Unruh, Esq.
      Florida Bar No. 93121
      Alyssa Castelli, Esq.
      Florida Bar No. 1032306
      jesse@spirelawfirm.com
      alyssa@spirelawfirm.com
      sarah@spirelawfirm.com
      laura@spirelawfirm.com
      filings@spirelawfirm.com

      Attorneys for Defendants

1

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 6th day of June 2022, the foregoing was

served via email on all counsel or parties of record on the Service List below.

*/s/Jesse Unruh*
Attorney

**SERVICE LIST**

Adria M. Jensen, Esq.
Shumaker, Loop & Kendrick, LLP
240 South Pineapple Avenue
Post Office Box 49948
Sarasota, Florida 34240
ajensen@shumaker.com (primary)
karase@shumaker.com (secondary)

Mindi M. Richter
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard, suite 2800
Tampa, Florida 33602
mrichter@shumaker.com (primary)
ldyer@shumaker.com (secondary)

<u>**DEFENDANT'S SPECIFIC RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**</u>

1. Documents sufficient to show the corporate structure and organization of each
   Defendant entity, including, but not limited to, their ownership, officers, and parent,
   subsidiaries or affiliated entities, including copies of the Company meeting book.

   **RESPONSE: Defendant objects to this request on the ground that the phrase
   "sufficient to show" is vague because it requires Defendant to speculate as to
   what documents might be responsive. Without waiving this objection,**

2

**Defendant agrees to produce a copy of the Articles of Incorporation and public business entity registration records from the Florida Department of State for each Defendant entity. Defendant has no responsive documents to Plaintiff's request for copies of the Company meeting book for each Defendant entity in her possession, custody, or control.**

2. Documents sufficient to show the relationship between Euler and each Defendant entity.

   **RESPONSE: Defendant objects to this request on the ground that it is vague, particularly with respect to Plaintiff's use of the phrase "sufficient to show" and the term "relationship." This request is vague because it requires Defendant to speculate as to what documents might be responsive. Defendant construes "relationship" to mean Defendant's title with respect to each Defendant entity. To the extent Plaintiff is seeking documents sufficient to show Rachel Euler's title with respect to each Defendant entity, Defendant agrees to produce a copy of the Articles of Incorporation and public business entity registration records from the Florida Department of State for each Defendant entity.**

3. Any documents related to the formation of each Defendant entity.

   **RESPONSE: Defendant objects to this request on the ground that it is vague, particularly as to the phrase "related to," and overbroad in scope because numerous documents may tangentially have some relation to "the formation of each Defendant entity." Furthermore, Defendant objects on the ground that this request requires Defendant, as an individual, to search company files, computers and records for responsive documents. Accordingly, Defendant has no responsive documents because documents that are the property of any Defendant entity are not within Defendant's individual possession, custody, or control.**

4. Any documents evidencing that Sabrina Crain Sweeney, gifted, transferred, bequeathed, sold or assigned the Marks to Rachel Euler or any of the Defendant entities.

   **RESPONSE: Defendant objects to this request on the ground that the phrase "[a]ny documents evidencing" is vague. This request is vague because it requires Defendant to speculate as to what documents might be responsive where numerous documents, taken alone or together, might directly or indirectly "evidence" the existence of a gift, transfer, bequest, sale, or assignment of the Marks from Sabrina Crain Sweeney to Rachel Euler.**

3

**Defendant also objects to this request on the ground that the responsive documents are attorney work product. The group of documents sought would reveal the attorney's assessment of the relative importance of those documents, and of their significance as a collection. Even if the individual documents sought are not attorney work product, the selection process itself represents defense counsel's mental impressions and legal opinions.**

**Defendant also objects to this request to the extent Plaintiff seeks a legal conclusion that any documents produced by Defendant in response to this request is an admission by Defendant of the existence of a valid gift, transfer, bequest, sale, or assignment of the Marks.**

**Defendant has construed Plaintiff's request to mean that Plaintiff is seeking written contracts between Rachel Euler and Sabrina Crain Sweeney that explicitly refer to the sale, transfer, bequest, or assignment of the Marks from Sabrina Crain Sweeney to Rachel Euler. Subject to this interpretation and without waiving objections, Defendant has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in her possession, custody, or control.**

5. Documents sufficient to show all past and current employees of each Defendant entity.

   **RESPONSE: Defendant objects to Plaintiff's request on the ground that the phrase "sufficient to show" is vague to the extent Plaintiff is seeking information protected from disclosure by a right of privacy, including the production of employee records beyond the production of a list of past and current employee names in response to this request. As Plaintiff's requests herein are directed to Defendant as an individual, Defendant also objects to Plaintiff's request on the ground that employee records of Defendant entities belong to Defendant entities and, as such, are not within Defendant's possession, custody, or control.**

6. Any documents related to any customer complaints or negative feedback of any of the Defendant entities.

   **RESPONSE: Defendant objects to Plaintiff's request on the ground that the phrase "[a]ny documents related to" is vague because it requires Defendant to speculate as to what documents might be responsive. Defendant further objects to Plaintiff's request on the ground that it is overbroad because numerous documents may tangentially refer to customer complaints or negative feedback**

4

of any of the Defendant entities, including privileged attorney-client communications related to the Marks and Plaintiff's claims and attorney work product. Furthermore, Defendant objects on the ground that this request requires Defendant, as an individual, to search company files, computers and records for responsive documents. Documents that are the property of Defendant entities are not within Defendant's individual possession, custody, or control.

7. Documents sufficient to show each Defendant entity's monthly revenues from formation to the current month.

RESPONSE: Defendant objects to Plaintiff's request on the ground that the phrase "[d]ocuments sufficient to show" is vague because it requires Defendant to speculate as to what documents might be responsive. Furthermore, Defendant objects on the ground that this request requires Defendant, as an individual, to search company files, computers and records for responsive documents. Documents that are the property of Defendant entities are not within Defendant's individual possession, custody, or control.

8. Documents sufficient to show each Defendant entity's monthly profits and losses from formation to the current month.

RESPONSE: Defendant objects to Plaintiff's request on the ground that the phrase "[d]ocuments sufficient to show" is vague because it requires Defendant to speculate as to what documents might be responsive. Furthermore, Defendant objects on the ground that this request requires Defendant, as an individual, to search company files, computers and records for responsive documents. Documents that are the property of Defendant entities are not within Defendant's individual possession, custody, or control.

9. Any documents used or referred to in Euler's answers to the First Set of Interrogatories.

RESPONSE: Defendant objects to Plaintiff's request on the ground that the discovery sought is overbroad and includes privileged attorney-client matters, attorney work product, confidential documents, information protected from disclosure by a right of privacy, documents not in Defendant's possession, custody, or control, and documents that are the subject of Defendant's objections in response to Plaintiff's First Set of Interrogatories for the reasons set forth therein. Furthermore, Plaintiff's request is unduly burdensome, oppressive, and needlessly cumulative as it requires Defendant to reassert objections already made, and to produce documents already in the possession,

custody, and control of Plaintiff, and documents that Defendant has agreed to produce in response to Plaintiff's First Requests for Production to Defendant. Additionally, Defendant objects to Plaintiff's request on the ground that it is vague and ambiguous because it requires Defendant to evaluate each and every statement made in response to Plaintiff's First Set of Interrogatories and then speculate as to what "documents" might be responsive.

Subject to and without waiving these objections or the objections made by Defendant in response to Plaintiff's First Set of Interrogatories, Defendant agrees to produce the following: (1) the October 2007 proof of the print advertisement referenced in Defendant's response to Interrogatory No. 2; and (2) a copy of the witch logo designed by Rachel Euler and her sister, Jessica Stetsko, referenced by Defendant in response to Interrogatory No. 3.

10. Any documents referenced in Euler's Initial Disclosures.

RESPONSE: Defendant objects to this request on the ground that the total number of requests for production, together with their subparts, exceeds the maximum allowable number of interrogatories permitted by the rules governing discovery requests. Defendant objects to Plaintiff's request to the extent the discovery sought is already within the possession, custody, and control of Plaintiff, especially with respect to Plaintiff's request for correspondence between Plaintiff and Defendants as such documents are readily and equally available to Plaintiff as they are to Defendant. Additionally, Defendant objects to Plaintiff's request on the ground that the discovery sought is overbroad to the extent Plaintiff seeks privileged communications between Defendant and her attorneys, or attorney work product, confidential documents, or documents not within the possession, custody, or control of Defendant in her individual capacity. Defendant objects to this request on the ground that it is needlessly cumulative to the extent the discovery sought has already been requested by Plaintiff herein, or in Plaintiff's First Set of Interrogatories to Plaintiff, and Defendant reasserts and incorporates herein any objections made by Defendant in response thereto. Defendant also objects to Plaintiff's request for correspondence between Sabrina Crain Sweeney and Rachel Euler on the ground that the discovery sought includes "all" such correspondence without limitation as to time and scope.

Subject to and without waiving objections, Defendant agrees to produce the following: (a) correspondence within her possession, custody, and control between herself and Plaintiff or Sabrina Crain Sweeney that are relevant to Defendants' defenses; and (b) copies of Defendants' state and federal trademark registrations.

6

11. Documents sufficient to show Euler and/or any Defendant entity's past, current, and planned use of the Mark and any other trademark, service mark, trade name, or domain name comprised in whole or in part of "Sabrina's" for any product or service.

**Defendant objects to Plaintiff's request on the ground that the phrase "sufficient to show" is vague because it requires Defendant to speculate as to what documents might be responsive. Defendant further objects to Plaintiff's request that Defendant produce documents sufficient to show Defendants' "planned use" of "the Mark and any other trademark, service mark, trade name, or domain name," on the ground that the request seeks documents or information containing and/or reflecting trade secrets, confidential information and/or other proprietary information of Defendant entities. Without waiving objections, Defendant agrees to produce copies of past and current printed advertisements, as well as screenshots of past and current online advertisements, showing Defendants' use of the Mark and that are in Defendant's possession, custody, and control. Discovery is ongoing and Defendant reserves the right to supplement this response at a later time as appropriate.**

12. Documents sufficient to show Euler and/or any Defendant entity's first use of the Mark.

**RESPONSE:  Defendant objects to Plaintiff's request on the ground that the phrase "sufficient to show" is vague because it requires Defendant to speculate as to what documents might be responsive. Without waiving objections, Defendant agrees to produce all non-privileged responsive documents in her possession, custody, or control. Discovery is ongoing and Defendant reserves the right to supplement this response at a later time as appropriate.**

13. Documents sufficient to show the geographic scope of Euler and/or any Defendant entity's use of the Mark.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that the phrase "sufficient to show" is vague because Defendant is required to speculate as to what documents might be responsive. Defendant further objects to Plaintiff's request to the extent Plaintiff seeks confidential business information and customer lists in the possession, custody, and control of Defendant entity, Sabrina's Atlantic Window Cleaning and Pressure Cleaning, LLC.**

www.spirelawfirm.com

**Subject to and without waiving objections, Defendant agrees to produce the addresses of customers of Defendant entities during the period between January 2021 and April 2021, the disclosure of which is subject to Plaintiff's agreement to the terms and conditions of a confidentiality agreement between Plaintiff and Defendants that shall govern the disclosure of the discovery produced by Defendant in response to this request.**

14. Documents sufficient to show Euler and/or any Defendant entities' first use of any logo design containing a witch or witch hat.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that the phrase "sufficient to show" is vague because Defendant is required to speculate as to what documents might be responsive. Subject to and without waiving the foregoing objections, Defendant has produced an advertisement proof from October 2007, which is currently the earliest date on any document in her possession, custody, or control showing Defendant's first use of the witch logo in commerce. However, Defendant states that discovery is ongoing and Defendant reserves the right to supplement this response at a later time as appropriate.**

15. Documents sufficient to show all variations of any logo design containing a witch or witch hat used by Euler and/or any Defendant entity.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that the phrase "sufficient to show" is vague because Defendant is required to speculate as to what documents might be responsive. Without waiving objections, Defendant has produced variations of logo designs containing a witch or witch hat used by Defendant and/or any Defendant entity that is in her possession, custody, or control.**

16. Documents sufficient to show who developed any logo design containing witch or witch hat used by Euler and/or any Defendant entity.

**RESPONSE:  Defendant objects to Plaintiff's request on the ground that the phrase "sufficient to show" is vague because Defendant is required to speculate as to what documents might be responsive.**

**Subject to and without waiving the foregoing objection, states the following: Defendant agrees to produce documents showing who developed any logo design containing a witch or witch hat used by Defendants within Defendant's possession, custody, or control. Defendant states that discovery is ongoing and**

**Defendant reserves the right to supplement this response at a later time as appropriate.**

17. Any documents comprising, evidencing or relating to any instances of actual confusion or potential confusion between the Mark and any of Sabrina's Atlantic's Marks as identified and defined in the Complaint.

   **RESPONSE: Defendant objects to Plaintiff's request on the ground that the request is vague with respect to Plaintiff's use of the terms "comprising, evidencing, or relating to." Plaintiff's request is vague because Defendant is required to speculate as to what documents might be responsive. Furthermore, Defendant objects to this request on the ground that it is overbroad as the discovery sought includes privileged attorney-client communications between Defendant and her attorney with respect to the Marks and other matters related to the above-styled action. Additionally, Defendant objects to this request to the extent Plaintiff seeks responsive documents that are the property of any Defendant entity and, therefore, not in the possession, custody, or control of Defendant in her individual capacity.**

   **Subject to and without waiving the foregoing objections and privilege, Defendant states the following:**

   **Defendant has no responsive documents in her possession, custody, or control at this time. Defendant states that discovery is ongoing and Defendant reserves the right to supplement this response at a later time as appropriate.**

18. Documents sufficient to identify each product and/or service with which the Mark has been used.

   **RESPONSE: Defendant objects to Plaintiff's request on the ground that the phrase "sufficient to identify" is vague because Defendant is required to speculate as to what documents might be responsive. Defendant construes Plaintiff's request to mean that Plaintiff seeks copies of one or more advertisements that, taken alone or together, show all services promoted by Defendants in connection with Defendants' use of the Mark. Subject to and without waiving the foregoing objection, Defendant states the following:**

   **Defendant agrees to produce copies and screenshots of printed and online advertisements in Defendant's possession, custody, or control that list and/or state each service promoted by Euler or Defendant entities in connection with the Mark, as well as copies of the state and federal trademark registrations of the Mark in Defendant's possession, custody, or control which list the services**

**promoted in connection with the Mark.  Discovery is ongoing and Defendant reserves the right to supplement this response at a later time as appropriate.**

19. Documents sufficient to identify each channel of trade within which Euler and/or any Defendant entity has sold or advertised products or services under the Mark.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that the phrase "sufficient to identify" is vague because Defendant is required to speculate as to what documents might be responsive. Defendant construes Plaintiff's request to mean that Plaintiff is seeking a copy or screenshot of each source of advertising by Defendants used to promote services in connection with the Mark. Subject to Defendant's interpretation and without waiving the foregoing objection, Defendant has produced copies and screenshots of printed and online advertisements in Defendant's possession, custody, or control from each source of advertising used by Euler or Defendant entities to promote services in connection with the Mark.  Defendant states that discovery is ongoing and Defendant reserves the right to supplement this response at a later time as appropriate.**

20. Exemplars of each of Euler and/or any Defendant entity's advertising or marketing materials for products and/or services offered under the Mark and copies of invoices from third parties for advertisements/marketing materials for the Defendant entities since the inception of the entities through current date.

**RESPONSE: Defendant objects to Plaintiff's request that Defendant produce "copies of invoices from third parties for advertisements/marketing materials for the Defendant entities" on the ground that the discovery sought is the property of one or more Defendant entities and, therefore, not within the possession, custody, or control of Defendant as an individual.**

**Without waiving the foregoing objection, Defendant agrees to produce copies and screenshots of printed and online advertisements in Defendant's possession, custody, or control from each source of print and online advertising used by Defendant entities or Defendant, Rachel Euler, to promote services in connection with the Mark.  Defendant states that discovery is ongoing and Defendant reserves the right to supplement this response at a later time as appropriate.**

21. Documents sufficient to show the time periods during which each of the advertising or marketing materials produced in response to Request No. 19 were used or distributed by Euler and/or any Defendant entity.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that the phrase "sufficient to show" is vague because Defendant is required to speculate as to what documents might be responsive. Without waiving this objection, Defendant agrees to produce documents in Defendant's possession, custody, or control that show the time periods during which each of the advertising or marketing materials produced in response to Request No. 19 were used by Euler and/or any Defendant entity. Discovery is ongoing and Defendants reserve the right to supplement this response at a later time as appropriate.**

22. Documents comprising, referring, or relating to any market studies, focus groups, or surveys Euler and/or any Defendant entity has conducted or had conducted on their behalf that refer or relate to the Mark.

    **RESPONSE: Defendant objects to Plaintiff's request on the ground that it is vague with respect to Plaintiff's use of the terms "comprising, referring, or relating to," which require Defendant to speculate as to what documents might be responsive. Without waiving objections, Defendant has no responsive documents in her possession, custody, or control at this time. Discovery is ongoing and Defendants reserve the right to supplement this response at a later time as appropriate.**

23. Any agreements between Euler and/or any Defendant entity and a third party related to use of the Mark.

    **RESPONSE: Defendant objects to Plaintiff's request on the ground that it is vague with respect to Plaintiff's use of the term "agreement," which is not specifically defined by Plaintiff. An "agreement" is defined as "harmony of opinion, action, or character" in the Merriam-Webster dictionary. Accordingly, Plaintiff's request is vague because it requires Defendant to speculate as to what documents, or collection of documents, constitute "harmony of opinion, action, or character" between Euler and/or any Defendant entity and a third party. Without waiving objections, Defendant agrees to produce non-privileged documents that support the agreements identified by Defendant between Rachel Euler and Sabrina Crain Sweeney in response to Interrogatory No. 10 that are within Defendant's possession, custody, or control. Discovery is ongoing and Defendant reserves the right to supplement this response at a later time if appropriate.**

24. Documents reflecting the content of each website, webpage, or other digital material displaying use of the Mark.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that it is overbroad in scope because the discovery sought is not limited to the content of websites, webpages, or other digital material displaying the Mark in commerce in connection with the promotion of Defendants' services. Without waiving objections, Defendant agrees to produce copies of printed advertisements distributed by Refresh Local on behalf of Defendants, as well as screenshots of Defendant entities' use of the Mark on the online advertisers listed in response to Interrogatory No. 12 of Plaintiff's First Set of Interrogatories, of which are in Defendant's possession, custody, or control.**

25. Documents sufficient to show the pricing of each product or service offered under the Mark.

   **RESPONSE: Defendant objects to Plaintiff's request on the ground that it is vague with respect to Plaintiff's use of the phrase "sufficient to show," which requires Defendant to speculate as to what documents might be responsive. Without waiving objections, Defendant agrees to produce the price list for the services promoted in connection with the Mark in Defendant's possession, custody, or control.**

26. All documents comprising, evidencing, or relating to any attempts by Euler and/or any Defendant entity to register the Mark and/or any design containing a witch or witch hat federally or within any state.

   **RESPONSE: Defendant objects to Plaintiff's request on the ground that it is vague with respect to Plaintiff's use of the terms "comprising, evidencing, or relating to," which require Defendant to speculate as to what documents might be responsive.**

   **Defendant also objects to the discovery sought to the extent Plaintiff seeks privileged attorney-client communications between Defendant and her attorney, Erica D. Angelo, with respect to Defendant's registration of the Marks with the United States Patent and Trademark Office ("USPTO"). Without waiving objections, Defendant agrees to produce the trademark registrations filed by Defendant with the USPTO and State of Florida. Discovery is ongoing and Defendants reserve the right to supplement this response at a later time as appropriate.**

27. Documents sufficient to describe the consumers of products or services offered under the Mark.

**RESPONSE: Subject to the execution of a confidentiality agreement between Plaintiff and Defendants governing the disclosure of such information, Defendant agrees to produce all responsive documents in her possession or control.**

28. Customer lists of each Defendant entity.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that the discovery sought is in the property of each Defendant entity, respectively. Without waiving objections, Defendant, in her individual capacity, has no customer lists in her possession, custody, or control because such customer lists are the property of Defendant entities.**

29. All documents relating to or belonging to Sabrina's Atlantic.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that it is vague with respect to Plaintiff's use of the phrase "relating to." Plaintiff's request is vague because numerous documents may tangentially "relate to" Plaintiff, and Defendant must therefore speculate as to what documents are responsive. Defendant further objects to Plaintiff's request on the ground that it is overbroad as to time and scope, resulting in requests for documents that are: (1) in the possession, custody, or control of Plaintiff; (2) not in the possession, custody, or control of Defendant; and (3) needlessly cumulative of documents already sought by Plaintiff herein.**

**Without waiving objections, Defendant has no documents belonging to Plaintiff in Defendant's possession, custody, or control.**

30. All documents sufficient to show who developed any website owned by any Defendant that uses the Mark.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that it is vague with respect to Plaintiff's use of the phrase "sufficient to show," which requires Defendant to speculate as to what documents might be sufficiently responsive. Without waiving objections, Defendant agrees to produce any screenshots in her possession, custody, or control of the GoDaddy account associated with the domain names used by Defendant entities to promote their services in connection with the Mark.**

31. Any lease agreement related to the property located at 2075 N. Powerline Rd., Suite 4, Pompano Beach, Florida 33069.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that it is overbroad as to scope where the discovery sought is not limited to lease agreements in which Defendant is a party. Without waiving objections, Defendant agrees to produce the lease agreement for the property located at 2075 N. Powerline Rd., Suite 4, Pompano Beach, Florida 33069, in her possession, custody, or control.**

32. Any documents evidencing Sabrina Crain Sweeney's involvement in any of the Defendant entities.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that it is vague with respect to Plaintiff's use of the term "involvement," which requires Defendant to speculate as to what documents might be responsive. Defendant construes Plaintiff's use of the term "involvement" to mean Sabrina Crain Sweeney's participation in the operations of the Defendant entities after the time of their formation and registration. Subject to this interpretation and without waiving objections, Defendant has no documents in her possession, custody, or control evidencing Sabrina Crain Sweeney's involvement in any of the Defendant entities.**

33. Any documents evidencing a transfer of ownership or other grant of rights in a trademark or any other asset from Sabrina Crain Sweeney and/or Sabrina's Atlantic to Euler or any Defendant entity.

**RESPONSE: Defendant objects to this request on the ground that the phrase "[a]ny documents evidencing" is vague. This request is vague because it requires Defendant to speculate as to what documents might be responsive where numerous documents, taken alone or together, might directly or indirectly "evidence" the existence of a transfer of ownership or other grant of rights, such as a bequest, sale, or assignment, in a trademark or any other asset from one person or entity to another. Defendant also objects to this request on the ground that the responsive documents are attorney work product. The group of documents sought would reveal the attorney's assessment of the relative importance of those documents, and of their significance as a collection. Even if the individual documents sought are not attorney work product, the selection process itself represents defense counsel's mental impressions and legal opinions.**

14

**Defendant has construed Plaintiff's request to mean that Plaintiff is seeking written contracts between Rachel Euler and Sabrina Crain Sweeney that explicitly and unambiguously set forth a transfer of ownership or other grant of rights in a trademark or any other asset from Sabrina Crain Sweeney and/or Sabrina's Atlantic to Euler or any Defendant entity. Subject to this interpretation and without waiving objections, Defendant has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in her possession, custody, or control. Discovery is ongoing and Defendant reserves the right to supplement this response at a later time as appropriate.**

34. Any documents evidencing any kind of permission from Sabrina Crain Sweeney and/or Sabrina's Atlantic to Euler or any Defendant entity to use the Mark or any design containing a witch or witch hat.

    **RESPONSE: Defendant objects to this request on the ground that the discovery sought is duplicative of Plaintiff's request in request for production No. 33, above. Defendant further objects to this request on the ground that the phrase "any kind of permission" is vague. This request is vague because it requires Defendant to speculate as to what documents might be responsive where numerous documents, taken alone or together, might directly or indirectly "evidence" the existence of "any kind of permission" from Sabrina Crain Sweeney and/or Plaintiff to Rachel Euler or any Defendant entity to use the Mark or any design containing a witch or witch hat. Defendant also objects to this request on the ground that the responsive documents are attorney work product. The group of documents sought would reveal the attorney's assessment of the relative importance of those documents, and of their significance as a collection. Even if the individual documents sought are not attorney work product, the selection process itself represents defense counsel's mental impressions and legal opinions.**

35. Any documents evidencing any kind of permission from Sabrina Crain Sweeney and/or Sabrina's Atlantic to Euler or any Defendant entity to use Sabrina Crain Sweeney's name, image or likeness.

    **RESPONSE: Defendant objects to this request on the ground that the phrase "any kind of permission" is vague. This request is vague because it requires Defendant to speculate as to what documents might be responsive where numerous documents, taken alone or together, might directly or indirectly "evidence" the existence of "any kind of permission" from Sabrina Crain**

**Sweeney and/or Plaintiff to Rachel Euler or any Defendant entity to use Sabrina Crain Sweeney's name, image, or likeness. Defendant also objects to this request on the ground that the responsive documents are attorney work product. The group of documents sought would reveal the attorney's assessment of the relative importance of those documents, and of their significance as a collection. Even if the individual documents sought are not attorney work product, the selection process itself represents defense counsel's mental impressions and legal opinions.**

36. Any bank records referencing any checks written by Euler to Brian Euler from Sabrina's Atlantic's checking account.

   **RESPONSE: Defendant objects to Plaintiff's request on the ground that it is vague with respect to Plaintiff's use of the term "referencing," which requires Defendant to speculate as to what documents are responsive. Defendant further objects to this request on the grounds that it is overbroad as to time and scope because the request is not limited to those checks at issue in Plaintiff's claims. Without waiving objections, Defendant agrees to produce copies of checks written to Brian Euler by Rachel Euler, as well as bank statements showing deposits of checks written to Brian Euler from Rachel Euler, from Atlantic Window Cleaning, Inc.'s account for the relevant period with respect to Plaintiff's claims in the Complaint, and that are in Defendant's possession, custody, and control.**

37. Any communications with customers of any Defendant entity referencing Sabrina Crain Sweeney and/or Sabrina's Atlantic.

   **RESPONSE: Defendant objects to Plaintiff's request as vague with respect to Defendant's use of the phrase "referencing," which requires Defendant to speculate as to what documents are responsive. Defendant further objects to Plaintiff's request on the ground that the discovery sought is confidential and proprietary business information that is the property of each Defendant entity, respectively. Without waiving objections, Defendant, in her individual capacity, has no communications with customers for any Defendant entity in her possession, custody, or control because the discovery sought is the property of Defendant entities.**

38. Documents sufficient to show the owner of the domain name sabrinasatlantic.com.

   **RESPONSE: Defendant objects to Plaintiff's request on the ground that it is vague with respect to Plaintiff's use of the phrase "sufficient to show," which requires Defendant to speculate as to what documents are sufficiently**

16

**responsive. Without waiving objections, Defendant agrees to produce screenshots in her possession, custody, and control of the GoDaddy account associated with the domain name sabrinasatlantic.com.**

39. Any documents evidencing or demonstrating any use of the Mark or and design containing a witch or witch hat by Euler or any Defendant entity prior to January 1999.

   **RESPONSE: Defendant objects to Plaintiff's request on the ground that it is vague with respect to Plaintiff's use of the terms "evidencing or demonstrating," which requires Defendant to speculate as to what documents are responsive. Without waiving objections, Defendant has no documents showing use of the Mark or any related witch or witch hat logo from prior to 1999 in her possession, custody, or control.**

40. Any documents evidencing or demonstrating any abandonment by Sabrina's Atlantic of Sabrina's Atlantic's Marks as identified and defined in the Complaint.

   **RESPONSE: Defendant objects to Plaintiff's request on the ground that it is vague with respect to Plaintiff's use of the phrase "evidencing or demonstrating," which requires Defendant to speculate as to what documents are responsive. Plaintiff's request is also vague with respect to Plaintiff's use of the phrase "Sabrina's Atlantic's Marks" in light of Plaintiff's associated definitions for those terms, which require Defendant to speculate as to what Plaintiff means by "[Atlantic window Cleaning, Inc.'s] [Defendants' use of SABRINA'S ATLANTIC WINDOW CLEANING AND PRESSURE CLEANING, or any variation of this name, as alleged in the Complaint]." Defendant construes Plaintiff's request to mean that Plaintiff seeks documents that support a legal theory of abandonment by Plaintiff of rights to the Marks, if any. Without waiving objections, Defendant has no such documents in her possession, custody, or control. Discovery is ongoing and Defendant reserves the right to supplement this response at a later time as appropriate.**

41. Any documented business procedures and practices of any of the Defendant entities.

   **RESPONSE: Defendant objects to Plaintiff's request on the ground that the discovery sought is in the property of each Defendant entity, respectively. Without waiving objections, Defendant, in her individual capacity, has no documented business procedures and practices of any Defendant entity in her possession, custody, or control because the discovery sought is the property of Defendant entities.**

42. Any documented prospective business strategies of any of the Defendant entities.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that the discovery sought is in the property of each Defendant entity, respectively. Without waiving objections, Defendant, in her individual capacity, has no documented prospective business strategies of any Defendant entity in her possession, custody, or control because the discovery sought is confidential and proprietary business information that is the property of Defendant entities.**

43. Any documented operating procedures of any of the Defendant entities.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that the discovery sought is the property of each Defendant entity, respectively. Without waiving objections, Defendant, in her individual capacity, has no documented operating procedures of any Defendant entity in her possession, custody, or control because the discovery sought is the property of Defendant entities.**

44. Any documented employee training materials of any of the Defendant entities.

**RESPONSE: Defendant objects to Plaintiff's request on the ground that the discovery sought is the property of each Defendant entity, respectively. Without waiving objections, Defendant, in her individual capacity, has no documented operating procedures of any Defendant entity in her possession, custody, or control because the discovery sought is the property of Defendant entities.**

45. Any documents referencing or relating to market studies or consumer demographics for any of the Defendant entities.

**RESPONSE: Defendant objects to Plaintiff's request as vague with respect to Defendant's use of the phrase "referencing or relating to," which requires Defendant to speculate as to what documents are responsive. Defendant further objects to Plaintiff's request on the ground that the discovery sought is confidential and proprietary business information that is the property of each Defendant entity, respectively. Without waiving objections, Defendant, in her individual capacity, has no documents referencing or relating to market studies or consumer demographics for any Defendant entity in her possession, custody, or control because the discovery sought is the property of Defendant entities.**

www.spirelawfirm.com



101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602

EXHIBIT "C"

o  813.229.7600
f  813.229.1660
shumaker.com

MINDI M. RICHTER
813.227.2254
mrichter@shumaker.com

August 10, 2022

*VIA EMAIL (jamie@spirelawfirm.com; jesse@spirelawfirm.com)*

Jamie L. White, Esq.
Jesse I. Unruh, Esq.
Spire Law, LLC
2752 W. State Road 426
Suite 2088
Oviedo, FL  32765

Re:    *Atlantic Window Cleaning Inc. v. Euler, et al.*

Dear Counsel:

This letter is in regards to Defendant Euler's responses to Plaintiffs' First Set of Interrogatories and documents produced in response to the Request for Production.  We have reviewed the same and find a number of the responses severely insufficient.  Please take this as our good faith attempt to confer under the Local Rules.

<u>DOCUMENT REQUESTS</u>

As an overarching issue throughout Defendant's responses, is that she objects to many requests on the ground that they require her "as an individual" to "search company files, computers and records for responsive documents" and thus the responsive documents are not within her "individual possession, custody or control."  This objection has no good faith basis given that Defendant Euler formed each entity and, as stated in her interrogatory responses "is the sole member or CEO" of each entity.  Under no theory would Defendant Euler not have possession, custody and control over the documents and information of the Defendant entities.  This is a mere delay tactic that constitutes inappropriate gamesmanship.  We ask that you remove this objection in each response and provide applicable documents for all such responses.

In addition, all of Defendant's responses are replete with numerous lengthy boilerplate objections, followed by, at times, an agreement to produce certain documents.  Putting aside the issue of whether these objections are valid (we do not believe they are), Rule 34 requires Defendant Euler to identify whether responsive documents are being withheld on the basis of the objections.

Jamie L. White, Esq.
Jesse I. Unruh, Esq.
Spire Law, LLC
August 10, 2022
Page 2

Defendant Euler did not do this, and Plaintiff is unable to tell whether responsive documents are actually being withheld on the basis of any of the lengthy objection recitations. For those responses where Defendant is not agreeing to produce any documents, it is not clear whether there are no responsive documents or whether documents are being withheld. Likewise, for those responses where Defendant is agreeing to produce certain documents, it is not clear whether those are the only responsive documents or whether documents are being withheld. Please revise the responses appropriately.

Request No. 13 seeks documents sufficient to show Defendants' scope of use of the applicable marks. Defendant Euler recites objections but agrees to produce customer information for customers from January 2021 to April 2021. This timeframe unilaterally chosen by Defendant is improper. Defendant is required to produce information on her geographic scope of use during the full timeline of use.

Request No. 18 requests agreements relating to the marks at issue. Defendant Euler agreed to produce an agreement between herself and Ms. Sweeney, but such agreement has not been produced. Please produce the same, or if you believe it was produced, please identify it by bates label.

Request No. 30 seeks documents as to who developed Defendant Euler's websites. The response states that GoDaddy account information will be produced, but such information does not and would not show who created the actual website content. Please produce responsive documents.

The response to Request No. 31 agrees to produce the requested lease agreement, but it has not been produced. Please produce the lease agreement.

Request No. 34 and 35 request any documents evidencing Ms. Sweeney providing permission to any of the Defendants to use the marks at issue or her name and likeness. Defendant Euler responds with a myriad of objections and refuses to provide documents. This request is not vague and it is not requesting any attorney work product. Either documents exist where Ms. Sweeney provided permission to any Defendant to use any mark or she did not. Please revise the response to either produce documents or state that no documents exist.

<u>INTERROGATORIES</u>

Defendant Euler also used the objection of not being in possession, custody or control of information regarding the Defendant entities in her interrogatory responses. While she nevertheless provides responses for some of the interrogatories, she does not for No. 7, which seeks information on instances of actual confusion between the parties and their marks. As explained above, Defendant Euler clearly has possession, custody and control over the Defendant

Jamie L. White, Esq.
Jesse I. Unruh, Esq.
Spire Law, LLC
August 10, 2022
Page 3


entities' documents and information.  Please remove this objection and provide a substantive response.

      Please confirm by August 17, 2022 that Defendant will be updating its responses and providing further documents.  We are available to discuss these issues over the telephone if needed prior to thereto.  Should Defendant Euler refuse to provide the requested information and documents, Plaintiffs will have no choice but to seek relief from the Court.

      Thank you for your cooperation in these matters.

      Sincerely,

      *Mindi Richter*

      *signed electronically to avoid delay*

      Mindi M. Richter

cc:    Adria Jensen, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**ATLANTIC WINDOW CLEANING, INC**.

                    Plaintiff,

v.

**RACHEL EULER** , et al.

             Defendants.

_____/

**CASE NO.:**   22-60409-CIV-SMITH

**DEFENDANT RACHEL EULER'S SUPPLEMENTAL RESPONSES**
**AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

      PLEASE TAKE NOTICE that Defendant Rachel Euler ("Defendant"), in accordance with

Federal Rules of Civil Procedure 26(e)(1)(A) and 33, hereby provides supplemental answers the

Plaintiff's First Requests for Production, Requests 13 and 27, as follows.

      Dated this 11th day of August 2022.

                    Respectfully submitted,

                    Spire Law, LLC
                    2572 W. State Road 426, Suite 2088
                    Oviedo, Florida 32765

                    By:  */s/Jamie L. White*
                        Jamie L. White, Esq.
                        Florida Bar No. 100018
                        Alyssa Castelli, Esq.
                        Florida Bar No. 1032306
                        jamie@spirelawfirm.com
                        alyssa@spirelawfirm.com
                        sarah@spirelawfirm.com
                        laura@spirelawfirm.com
                        filings@spirelawfirm.com

                        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August 2022, the foregoing was served via email on all counsel or parties of record on the Service List below.

*/s/Jamie L. White*
Attorney

## SERVICE LIST

Adria M. Jensen, Esq.
Shumaker, Loop & Kendrick, LLP
240 South Pineapple Avenue
Post Office Box 49948
Sarasota, Florida 34240
ajensen@shumaker.com (primary)
karase@shumaker.com (secondary)

Mindi M. Richter
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard, suite 2800
Tampa, Florida 33602
mrichter@shumaker.com (primary)
ldyer@shumaker.com (secondary)

2

www.spirelawfirm.com

## DEFENDANT EULER'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

13. Documents sufficient to show the geographic scope of Euler and/or any Defendant entity's use of the Mark.

   **ORIGINAL RESPONSE: Defendant objects to Plaintiff's request on the ground that the phrase "sufficient to show" is vague because Defendant is required to speculate as to what documents might be responsive. Defendant further objects to Plaintiff's request to the extent Plaintiff seeks confidential business information and customer lists in the possession, custody, and control of Defendant entity, Sabrina's Atlantic Window Cleaning and Pressure Cleaning, LLC.**

   **Subject to and without waiving objections, Defendant agrees to produce the addresses of customers of Defendant entities during the period between January 2021 and April 2021, the disclosure of which is subject to Plaintiff's agreement to the terms and conditions of a confidentiality agreement between Plaintiff and Defendants that shall govern the disclosure of the discovery produced by Defendant in response to this request.**

   **SUPPLEMENTAL RESPONSE:  Subject to and without waiving objections in the Original Response, above,** *see* **report reflecting the geographic scope with appropriate redactions to preserve confidential business and customer information.**

27. Documents sufficient to describe the consumers of products or services offered under the Mark.

   **ORIGINAL RESPONSE: Subject to the execution of a confidentiality agreement between Plaintiff and Defendants governing the disclosure of such information, Defendant agrees to produce all responsive documents in her possession or control.**

   **SUPPLEMENTAL RESPONSE:  Subject to and without waiving objections in the Original Response,** *see* **report reflecting the geographic scope with appropriate redactions to preserve confidential business and customer information.**

# SHUMAKER

240 South Pineapple Avenue
10th Floor
Sarasota, Florida 34236

o 941.366.6660
f 941.366.3999
shumaker.com

EXHIBIT "E"

ADRIA M. JENSEN
941.364.2739
ajensen@shumaker.com

October 7, 2022

*VIA EMAIL (jamie@spirelawfirm.com;alyssa@spirelawfirm.com)*

Jamie L. White, Esq.
Alyssa Castelli, Esq.
Spire Law, LLC
2752 W. State Road 426
Suite 2088
Oviedo, FL  32765

RE:  *Atlantic Window Cleaning, Inc., v. Euler, et al.*
         *SECOND- GOOD FAITH LETTER*

Dear Ms. White:

I am writing to you with regard to the ongoing discovery issues that remain outstanding.

Despite several email discussions regarding this matter, to date, we have been unable to come to a final mutually acceptable resolution.  Thus, please allow this letter to serve as one final good faith attempt to resolve these issues without the need for court intervention.

Following is a list of the responses to the *First Request for Production to Rachel Euler* – which are either deficient or remain outstanding.  Please review and produce these documents on or before October 14th:

**#5  Documents sufficient to show all past and current employees of each Defendant entity.**

To be clear "documents sufficient to show" means – documents which reflect past and current employees of each Defendant entity.

**#7  Documents sufficient to show each Defendant entity's monthly revenues from formation to the current month.**

The financial document which you have produced does not reflect "monthly revenues" – that is revenues generated on a monthly basis (each month) since the formation of the company to the present day.  **Your client uses *Customer Factor* a program which provides "revenue**

Spire Law, LLC
October 7, 2022
Page 2 of 3

reports" she also uses Quickbooks, demand is made that your client produce these financial
documents along with all other such financial documents responsive to this request

**#8 Documents sufficient to show each Defendant entity's monthly profits and losses from
formation to the current month.**

The P&L statement which you have produced does not reflect **monthly profits and losses**
– that is what the profits and losses have been each month since the formation of the company to
the present day.

**#27 Documents sufficient to describe the consumers of products or services offered under the
Mark.**

In the original response Defendant agreed that subject to a confidentiality agreement it
would produce all responsive documents.  Those have not been produced, notwithstanding the
confidentiality agreement.  Your supplemental production of a list of *zip codes* is a wholly
insufficient response to this request.

**#28 Customer lists of each Defendant entity.**

In the response Defendant claims that since the request was served upon her in her
individual capacity she has, "no customer lists in her possession custody or control because such
customer lists are the property of Defendant Entities".  In our Good Faith Letter for August 10th,
my Partner, Ms, Richter set forth all of the reasons why this objection is not appropriate and
requested that these documents be produced.  They have yet to be produced

**#30 All documents sufficient to show who developed any website owned by any Defendant that
uses the Mark.**

You have yet to properly supplement this response, notwithstanding Ms. Richter's
explanation of why your response was deficient and demand that the appropriate information be
provided.

**#31 Any lease agreement related to the property located at 2075 N. Powerline Rd., Suite 4,
Pompano Beach, Florida 33069**

The lease has not been produced despite agreeing to do so in your response.

**\*"Attorneys' Eyes Only" designations –**

It is imperative that the parties disclose all relevant information and have a reasonable
opportunity to review information critical to the issues in the case.  Especially if they are to engage
in good faith settlement negotiations.  As such, the designation of the financial and other business
information sought as "Attorney's Eyes Only" is improper and will be challenged should your

17944077v1

Spire Law, LLC
October 7, 2022
Page 3 of 3

position in this regard remain unchanged.  I urge you to change the designation on the document produced and refrain from using this designation for such documents in the future.

I look forward to receiving revised responses and the relevant documents promptly on or before October 14th, time being of the essence.

Thank you.

Very truly yours,

s/ *Adria Jensen*

Adria M. Jensen

AMJ/hlb

17944077v1